## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| ASHAUNTE LEKORI HOWARD, <br><br> *Plaintiff*, <br><br> **v.** <br><br> WAL-MART STORES EAST, LP, <br><br> *Defendant*. | **CIVIL ACTION NO.** <br> **3:25-cv-00183-TES** |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

In this action against Defendant Wal-Mart Stores East, LP, ("Walmart" or

"Defendant"), Plaintiff Ashaunte Lekori Howard ("Howard" or "Plaintiff"), seeks to

recover damages for violations of federal and state law she allegedly suffered during

her employment with the retail conglomerate. Plaintiff claims that Walmart violated 42

U.S.C. §§ 2000e et seq. (Title VII of the Civil Rights Act of 1964 ("Title VII")), 42 U.S.C.

§ 1981, and 29 U.S.C. § 623 et seq. (the Age Discrimination in Employment Act

("ADEA")). In addition, Plaintiff alleges that Walmart "breached Plaintiff's employment

contract by terminating Plaintiff . . . in bad faith." As a result, Plaintiff further alleges

that her "termination was the result of a breach of contract" and therefore "a wrongful

termination under Georgia law." [Doc. 12, ¶¶ 33–34]. For the reasons set forth below,

the Court **GRANTS** Defendant Walmart's Motion to Dismiss, and Plaintiff's Amended

Complaint is **DISMISSED**.

## PROCEDURAL BACKGROUND

In August of 2025, Howard filed a complaint in the Superior Court of Walton

County asserting federal and state law claims after Walmart fired her. [Doc. 14-1, pp. 1,

3]. Under Georgia law, Howard alleged wrongful termination and sought attorney's

fees and costs. [*Id.* at p. 3]. Under federal law, Howard alleged retaliation in violation of

§ 1981, wrongful termination in violation of § 1981 and Title VII, and wrongful

termination in violation of the ADEA. [*Id.*]. Three months after Howard filed the

original complaint, Walmart removed this case to federal court and subsequently filed a

motion to dismiss. [*Id.*]. On December 11, 2025, Howard filed her Amended Complaint.

[Doc. 12]. Howard's Amended Complaint mirrored the first five counts in the original

complaint but added a claim for retaliation in violation of § 1981. [*Id.*]. She added no

new facts to her Amended Complaint. [*Id.*]. A little over a week later, Walmart filed its

motion to dismiss Howard's Amended Complaint. *See* [Doc. 14-1]. Howard never

responded.[1]

## FACTUAL BACKGROUND

In short, this case stems from a workplace accident and subsequent termination.

---

[1] Even if a motion to dismiss is unopposed, the moving party does not automatically win; the Court must still reach the merits of the motion. *See Giummo v. Olsen*, 701 F. App'x 922, 925 (11th Cir. 2017).

[Doc. 14-1, p. 4]. Howard worked for a Walmart distribution center in Monroe, Georgia as a forklift operator. [*Id.*]; [Doc. 12, ¶¶ 9–10]. While operating a forklift, Howard pushed a pallet into the leg of another employee. [*Id.*]. Howard reported the incident and radioed for medical attention. [Doc. 12, ¶¶ 16–17]. About an hour after reporting the incident, Howard spoke with Walmart's agent about the incident and then went back to work. [*Id.* at ¶ 22]. After clocking in on October 16, 2024, Walmart's agent called Howard into the Dry Shipping office and stated that Howard was being terminated "because of the incident . . ." [*Id.* at ¶¶ 24–25].

After being fired, Howard filled out an Equal Employment Opportunity Commission ("EEOC") Charge against Walmart on April 3, 2025. [Doc. 14-1, p. 4]; [Doc. 14-2]. In the section labeled "[w]hy you think you were discriminated against," Howard checked "Retaliation" and "Other." *See* [Doc. 14-2]. This section has boxes available for "Race," "Color," and "Age," but Howard did not check any of these boxes. *See* [*Id.*]. For the written explanation in the EEOC Charge, Howard did not allege any discrimination based on any protected categories that led to the termination. *See* [*Id.*]. The Amended Complaint alleges that Howard was over 40 at all relevant times. [Doc. 12, ¶ 62]. However, consistent with her EEOC charge, Howard never mentioned race in the factual allegations of her Amended Complaint. *See* [*Id.* at ¶¶ 9–25].

## LEGAL STANDARD

In a civil action, a pleading must contain "a short and plain statement of the

3

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint does not have to be overflowing with detail, but it does require the pleader to provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the assertions set forth in a complaint need to be enhanced by further factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 557.

Courts only consider allegations within the four corners of a complaint when reviewing 12(b)(6) motions to dismiss. *Boyd v. Peet*, 249 Fed. Appx. 155, 157 (11th Cir. 2007). Specifically, the complaint needs to contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court need not accept legal conclusions as true in the pleadings stage—even those dressed up as factual assertions. *Iqbal*, 556 U.S. at 678. Therefore, the Supreme Court made clear in *Iqbal* that when considering a motion to dismiss, courts must dismiss any allegations in the pleading that are mere legal conclusions unsupported by facts. *Id.* at 664. But if the complaint contains well-pleaded factual assertions, the Court assumes them to be true and then determines if "they plausibly give rise to an entitlement to relief." *Id.* To summarize, the facts in the complaint need to carry enough weight such that entitlement to relief is not merely possible, but plausible. *See id.*

## DISCUSSION

Howard's Amended Complaint is by no means a model of clarity. In short, Howard accuses Walmart of terminating her from the distribution center because of her race and age, not because she injured another employee with a forklift. The Court will review the state and federal counts in turn, starting with the state law claims.

### A.    Howard's Claims Under Georgia Law

#### 1.    "Wrongful Termination"

Howard's state law wrongful termination claim ("Second Cause of Action") must fail given her status as an at-will employee. In Georgia, "at-will employees may be terminated for any or no reason . . . ." *Reilly v. Alcan Aluminum Corp.*, 528 S.E.2d 238, 239 (Ga. 2000). However, even in an at-will state, employers cannot terminate their employees for a discriminatory reason. *See Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999).

There is a "strong presumption" that employees in the state of Georgia are at-will. *See Schuck v. Blue Cross & Blue Shield of Georgia, Inc.*, 244 Ga. App. 147, 148 (2000). However, a plaintiff may defeat this presumption if they can point to specific contractual terms altering their default relationship with the employer. *See Balmer v. Elan Corp.*, 278 Ga. 227, 228 (2004). Naturally, as a threshold matter, a complaint must plausibly allege the existence of an employment contract. Then, the complaint must identify clear terms in the contract defining the duration of employment or placing

limits on the employee's termination. *See Moran v. NAV Services*, 189 Ga. App. 825, 826 (1989). Absent such definite language, no enforceable agreement exists, and the employment relationship defaults to at-will status—allowing the employer to terminate the employee for any non-discriminatory reason without giving rise to a wrongful termination claim. *See id.*

Here, Howard's Amended Complaint does not contain any factual allegations for the Court to determine that she was anything but an at-will employee. *See* [Doc. 12, ¶¶ 9–25, 31–40]. The Amended Complaint vaguely references an employment contract and provides *inter alia*: "Defendant breached Plaintiff's employment contract by terminating Plaintiff . . ." [*Id.* at ¶ 33]. This paragraph is nothing more than a legal conclusion and the Court need not accept it as true. Howard never plausibly alleged the existence of a contract between the parties and did not attach a contract to the Amended Complaint as an exhibit. *See* [Doc. 12]. Because Plaintiff did not plausibly allege the existence of a contract—much less one containing definite terms of employment—the Court finds that she has failed to overcome the presumption of at-will employment.

Given that Howard was an at-will employee, her only avenue to push this claim past the pleading stage was to plausibly allege discrimination by Walmart. The Amended Complaint does not allege any facts that suggest Walmart acted with discriminatory intent in firing Howard. To the contrary, the Amended Complaint concedes Walmart acknowledged that Howard's termination was linked to her injuring

a coworker's leg with a forklift. [*Id.* at ¶ 25 ("[t]hey stated that they had to terminate me *because of the incident . . .*" (emphasis added)]. This can hardly be called discriminatory, and the remainder of the Amended Complaint fails to allege any other facts that would suggest otherwise. Therefore, Howard cannot recover under a theory of wrongful termination based on Georgia law.

### 2.  "Attorney's Fees and Costs"

Georgia courts firmly established that "derivative claims of attorney's fees . . . will not lie in the absence of a finding of compensatory damages on an underlying claim." *See, e.g.*, *Friendship Enterprises, Inc. v. Hasty*, 368 Ga. App. 7, 13 (2023). Because attorney's fees under Georgia law are dependent on the viability of an underlying claim, they cannot stand alone as an independent basis for relief. Given that Howard's state law wrongful termination claim cannot go forward, the claim for attorney's fees must also fail. Therefore, Howard may not recover under state law, and the Court now turns to Howard's federal law claims.

### B.  Howard's Claims Under Federal Law

Howard makes four claims under federal law. *See* [Doc. 14, ¶¶ 26–30, 41–71]. Specifically, Howard alleges two violations of § 1981, a violation of Title VII, and a violation of the ADEA. For the reasons set forth below, these claims fail.

7

### 1.    <u>Race-Based Claims</u>

Howard asserts race-based claims under both § 1981 and Title VII, including retaliation and wrongful termination. Retaliation claims under § 1981 are cognizable and analyzed under the same framework as Title VII retaliation claims. *See Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1134–35 (11th Cir. 2020); *Howard v. B.P. Oil Co. Inc.*, 32 F.3d 520, 524 n.2 (11th Cir. 1994). To state such a claim, a complaint must plausibly allege (1) engagement in protected activity, (2) followed by an adverse employment action, and (3) a causal connection between the two—with but-for causation required. *See Jefferson v. Sewon America, Inc.*, 891 F.3d 911, 924 (11th Cir. 2018); *Gogel*, 967 U.S. at 1135 (quoting *Univ. of Tx. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013)).

For the § 1981 retaliation claim, Plaintiff's allegations fail at the threshold. The Amended Complaint does not clearly identify any protected activity or allege facts plausibly showing that any such activity caused her termination. Instead, it offers vague and largely unintelligible assertions that do not satisfy the basic pleading requirements of Rules 8 and 10, nor do they provide sufficient notice of the claim. *See* [Doc. 12, ¶¶ 9–30]; Fed. R. Civ. P. 8(a)(2), 10(b); *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

Plaintiff's "wrongful termination" discrimination claims fare no better. To state a discrimination claim under § 1981 or Title VII, Plaintiff must allege facts plausibly showing (1) membership in a protected class, (2) their qualification to perform the

underlying job, and (3) an adverse employment action, and (4) more favorable treatment of a similarly situated employee. *See Howard*, 32 F.3d at 524 (11th Cir. 1994) (citing *McDonnell Douglass Corp. v. Green*, 411 U.S. 792, 802). Under the Title VII and § 1981 claims, the Amended Complaint does not allege Plaintiff's race, identify any non-class employee as a comparator, or include facts suggesting her qualifications to perform the job. Rather, Plaintiff acknowledges she was terminated for a workplace incident involving a forklift and relies only on her subjective belief that the decision was race-based. *See* [Doc. 12, ¶¶ 25, 43].

Such conclusory allegations are insufficient. *See Iqbal*, 556 U.S. at 664. Without factual content supporting either discriminatory intent or retaliation, the Amended Complaint fails to state a plausible claim for relief under § 1981 or Title VII. Accordingly, all race-based claims are **DISMISSED**.

## 2. **Age-Based Claim**

For her final federal claim, Howard alleges wrongful termination under the ADEA. Like her prior claims, however, this claim fails to allege sufficient facts to plausibly entitle her to relief. The ADEA prohibits employers from taking adverse employment actions on the basis of age and applies to employees over the age of forty. *See* 29 U.S.C. § 623 et seq. To prevail, a plaintiff must show (1) intentional discrimination and (2) that age was the but-for cause of the adverse action. *See Davis v. Miami-Dade Cty.*, 2024 WL 4051215, at *6 (11th Cir. Sept. 5, 2024).

The Amended Complaint contains no factual allegations suggesting that Walmart acted with discriminatory intent based on age. Although the Amended Complaint alleges that Howard was over forty at all relevant times, that alone is insufficient. *See* [Doc. 12, ¶ 63]. It also needed to allege intentional discrimination and Howard's age as the only reason for firing her. *See Davis*, 2024 WL 4051215, at *6. Instead, Howard relies on her subjective belief of discrimination while acknowledging that Walmart attributed her termination to the forklift incident. *See* [Doc. 12, ¶¶ 25, 53]. This directly defeats the "but-for" causation requirement necessary for ADEA claims, given that Walmart fired her for a non-discriminatory purpose. *See Davis*, 2024 WL 4051215, at *6. As such, Howard's conclusory allegations of discriminatory intent are insufficient to state a claim. The lack of plausible allegations justifies dismissal for the ADEA claim.

Notwithstanding the lack of plausible factual allegations, as a threshold matter, Howard failed to exhaust her administrative remedies. Before bringing an ADEA claim in federal court, a plaintiff must first file a charge with the EEOC. *See Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004). A plaintiff may not later assert claims that were not included in—or reasonably related to—the EEOC charge. *See Francois v. Miami Dade Cnty., Port of Miami*, 432 F. App'x 819, 821 (11th Cir. 2011) (citation omitted); *Hardrick v. Werner Enters., Inc.*, No. 1:04-CV-2198-MHS, 2005 WL 8154641, at *5 (N.D. Ga. Apr. 4, 2025). Here, Howard filed an EEOC charge but did not check the box for

"Age" discrimination and did not include allegations suggesting age-based discrimination. *See* [Doc. 14-2]. The age-based claim in the Amended Complaint is not "reasonably related" to any of the claims Howard asserted in her EEOC charge. *See* [*Id.*]. As a result, the EEOC was not given an opportunity to investigate such a claim, and Howard failed to exhaust her administrative remedies as to her ADEA claim. Accordingly, the ADEA claim must be **DISMISSED**.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. 14] is properly granted. Howard's Amended Complaint fails to satisfy the basic pleading requirements set forth in Federal Rules of Civil Procedure 8 and 12(b)(6), as it relies on conclusory allegations unsupported by sufficient factual detail to state a plausible claim for relief. The Amended Complaint did not allege facts demonstrating that Howard is entitled to relief under Georgia law, nor did it plausibly establish the elements required to proceed under 42 U.S.C. § 1981, Title VII, or the ADEA. As explained throughout this Order, the Amended Complaint does not overcome Georgia's strong presumption of at-will employment, fails to connect any protected activity to the alleged adverse employment action, and lacks allegations of discriminatory intent by Walmart.

Moreover, Plaintiff's failure to exhaust administrative remedies with respect to her ADEA claim provides an independent basis for dismissal on that claim, and her remaining federal claims simply fall short due to the absence of well-pleaded factual

11

support. The Court is not required to accept mere legal conclusions or subjective beliefs

as true, and without sufficient factual enhancement, Plaintiff's claims cannot proceed.

Accordingly, because Plaintiff has failed to plead facts that plausibly give rise to an

entitlement to relief under *any* asserted theory, Defendant's Motion to Dismiss is

**GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED**.

SO ORDERED, this 2nd day of April, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**